UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| **CHRISTOPHER J. KULIN,**<br><br>    Plaintiff,<br><br>v.<br><br>**GC SERVICES LIMITED PARTNERSHIP-DELAWARE**<br><br>    Defendant. | Case No.  2:08-cv-11894<br><br>Honorable Anna Diggs Taylor<br><br>**DEFENDANT GC SERVICES LP'S ANSWER TO COMPLAINT** |
|---|---|
| Brian P. Parker (P48617)<br>LAW OFFICES OF BRIAN P. PARKER, PC<br>**Attorney for Plaintiff**<br>30700 Telegraph Road, Suite 1580<br>Bingham Farms  MI  48025<br>(248) 642-6268<br>(248) 642-8875 (Facsimile)<br>lemonlaw@ameritech.net | Michael J. Hodge (P25146)<br>Scott R. Eldridge (P66452)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>**Attorneys for Defendant GC Services LP**<br>One Michigan Avenue, Suite 900<br>Lansing, MI  48933<br>(517) 487-2070<br>(517) 374-6304 (Facsimile)<br>email: hodge@millercanfield.com<br>email: eldridge@millercanfield.com |

**DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S**

**ANSWER TO COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES**

Defendant, **GC SERVICES LIMITED PARTNERSHIP**, by and through its attorneys, MILLER, CANFIELD, PADDOCK and STONE, P.L.C., provide answers and affirmative defenses to Plaintiff's Complaint and Demand for Jury as follows:

**II. PARTIES**

1.    The plaintiff is a natural person and consumer, a resident of Romeo, Macomb County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER**: In answer to Paragraph 1 of Plaintiff's Complaint, Defendant neither admits nor denies that Plaintiff is a natural person, a resident of Romeo, and/or a "consumer" as defined by 15 U.S.C. § 1692a(3), as Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore leaves Plaintiff to his proofs.

2. The defendant is a Foreign Limited Partnership with its registered agent located in Bingham Farms, Oakland County Michigan.

**ANSWER**: In answer to Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a limited partnership formed under the laws of Delaware, and that its registered agent is located in Bingham Farms, Michigan. To the extent any other allegation was intended in Paragraph 2, the same is hereby denied as untrue.

3. The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants [sic] regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C.§ 1692a(6).

**ANSWER**: Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

### III. JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq.* The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d). The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. § 1367.

**ANSWER**: To the extent that the allegations contained in Paragraph 4 of Plaintiff's Complaint were intended to assert that this Federal District Court is properly vested with subject matter jurisdiction over complaints arising under 15 U.S.C. § 1692 *et seq.*, the same is hereby admitted. Defendant also admits that venue is properly laid with the United States District Court for the Eastern District of Michigan, but denies that proper venue is derived from 16 U.S.C. §

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

1692k(d). Defendant denies that the 46th Judicial District Court of Michigan, in which Plaintiff originally filed the instant action, is the proper venue. In further answer, Defendant admits that this Federal District Court may exercise supplemental jurisdiction over related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims pursuant to 28 U.S.C. § 1367. To the extent that any other allegation was intended in Paragraph 4, the same is hereby denied as untrue.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

**ANSWER**: Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

**ANSWER**: Defendant admits that 15 U.S.C. § 1692a(3) defines "consumer" as any natural person obligated or allegedly obligated to pay any debt.

7. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

**ANSWER**: Defendant admits that 15 U.S.C. § 1692a(5) defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to

judgment. Defendant, however, neither admits nor denies that the money owed by Plaintiff qualifies as "debt" under 15 U.S.C. § 1692a(5), as Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, leaves Plaintiff to his proofs.

8. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

**ANSWER**: Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debts. 15 U.S.C. § 1692e.

**ANSWER**: Defendant admits the allegation contained in Paragraph 9 of Plaintiff's Complaint, except to the extent that Paragraph 9 alleges that Defendant violated 15 U.S.C. § 1692e, which is hereby denied as untrue.

10. A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

**ANSWER**: Defendant admits the allegation contained in Paragraph 10 of Plaintiff's Complaint, except to the extent that Paragraph 10 alleges that Defendant violated 15 U.S.C. § 1692f, which is hereby denied as untrue.

11. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

**ANSWER:** In answer to Paragraph 11 of Plaintiff's Complaint, it is admitted that 15 U.S.C. § 1692k provides for the circumstances under which actual damages, statutory damages, reasonable attorney fees as determined by the court and the assessment of costs may be obtained

by a consumer against a debt collector. To the extent that Plaintiff intended to allege that he is entitled to such relief, the same is hereby denied as untrue.

13. The Michigan Collection Practices Act (MCPA), MCLA 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

**ANSWER**: Defendant admits the allegations in Paragraph 12.

13. A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement, MCLA 445.251(1)(b) [sic].

**ANSWER**: Defendant admits that MCL 445.251(b) defines "collection agency" in part as "a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement." Defendant denies, however, that Paragraph 13 is a complete and accurate reproduction of MCL 445.251(b) defining "collection agency."

14. A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 445.251(1)(d)[sic].

**ANSWER**: Defendant admits that MCL 445.251(d) defines "consumer" or "debtor" as a natural person obligated or allegedly obligated to pay a debt.

15. Prohibited acts by debt collectors or collection agencies under MCLA 445.252 include:

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.

    (b)    Using forms or instruments which simulate the appearance of judicial process.

    (d)    Using forms that may otherwise induce the belief that they have judicial or official sanction.

    (e)    Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

    (f)    Misrepresenting in a communication with a debtor 1 or more of the following:

        (i)    The legal status of a legal action being taken or threatened.

        (ii)    The legal rights of the creditor or debtor.

        (iii)    That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

    (i)    Communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by the debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor.

    (q)    Failing to implement a procedure designed to prevent a violation by an employee.

    (s)    Employing a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan Compiled Laws, to collect a claim unless that person is licensed under article 9 of Act No. 299 of the Public Acts of 1980.

    (n)    Using a harassing, oppressive, or abusive method to collect a debt.

**ANSWER**: Defendant admits that MCL 445.252 prohibits the acts listed in Paragraph 15. In further response, Defendant notes that Paragraph 15 is not a true and accurate reproduction of MCL 445.252, and to the extent that Plaintiff alleges that Defendant committed any of the listed acts, the same is hereby denied as untrue.

    16.    Under The Michigan Collection Practices Act, MCLA 445.257 et seq.(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief. (2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful [sic] violation, the court may assess

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with this action.

**ANSWER**:  In answer to Paragraph 16 of Plaintiff's Complaint, it is admitted that MCL 445.257 provides for the circumstances under which actual damages, statutory damages, reasonable attorney fees as determined by the court and the assessment of costs may be obtained by a consumer against a regulated person under MCL 445.251 *et seq.* To the extent that Plaintiff intended to allege that he is entitled to such relief, the same is hereby denied as untrue.

### V. FACTUAL ALLEGATIONS

17. Plaintiff is receiving numerous calls from Defendant in regards to the collection of an alleged debt.

**ANSWER**:  Defendant does not know what Plaintiff means by "numerous calls" and the allegations in Paragraph 17 are, therefore, not susceptible to a reasoned response. By way of further answer, Defendant denies the allegations in Paragraph 17 as untrue.

18. This alleged debt derives from a Chase debt. The phone number that Defendant repeatedly calls Plaintiff from is 866-862-2793.

**ANSWER**:  Upon information and belief, Defendant admits only that the alleged debt at issue in this case arises out of a line of credit Plaintiff opened with Chase Bank USA, N.A. Defendant, however, does not know what Plaintiff means by "repeatedly" and the remaining allegations in Paragraph 18 are, therefore, not susceptible to a reasoned response. Given the vagueness of the remaining allegations, Defendant neither admits nor denies the remaining allegations in Paragraph 18 because Defendant is without information or knowledge sufficient to form a belief as to the truth of such allegations and, therefore, leaves Plaintiff to his proofs.

19. Plaintiff has received a phone call from a "Doug Kemp" and numerous phone calls from a "Ms. Katrell," Defendant's representatives.

**ANSWER**:  Defendant admits that GC Services employee, Doug Kemp, telephoned

Plaintiff. Defendant does not know what Plaintiff means by "numerous phone calls" and the allegations in Paragraph 19 are, therefore, not susceptible to a reasoned response. Furthermore, Defendant states that no GC Services representative with the name "Ms. Katrell" exists. Thus, Defendant neither admits nor denies the remaining allegations in Paragraph 19 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations and, therefore, leaves Plaintiff to his proofs.

20. "Ms. Katrell," Defendant's representative, called Plaintiff over forty times in one month in an attempt to collect on this alleged debt.

**ANSWER**: Defendant denies the allegations in Paragraph 20 as untrue.

21. Defendant, through its representatives, have left Plaintiff messages failing to state that they are a debt collector, as required by the FDCPA.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 21 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

22. Defendant, has also left Plaintiff messages failing to state the name of their company, in violation of the FDCPA.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 22 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

23. As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and MCPA.

**ANSWER**: Defendant denies the allegations in Paragraph 23 as untrue.

24. Plaintiff seeks judgement [sic] against the Defendant in whatever amount the Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

action.

**ANSWER**: Defendant denies that Plaintiff is entitled to judgment, damages, costs, and/or expenses of any kind, in any amount, and for any reason.

## VI.  CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

25. The defendant has violated the FDCPA, 15 U.S.C. § 1692e(10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt.

**ANSWER**: Defendant denies the allegations in Paragraph 25 as untrue.

26. Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

**ANSWER**: Defendant denies the allegations in Paragraph 26 as untrue.

27. Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

**ANSWER**: Defendant denies the allegations in Paragraph 27 as untrue.

28. Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and failing to disclose in subsequent communications that the communication is from a debt collector.

**ANSWER**: Defendant denies the allegations in Paragraph 28 as untrue.

29. Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

**ANSWER**: Defendant denies the allegations in Paragraph 29 as untrue.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

30. As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

**ANSWER**: Defendant denies the allegations in Paragraph 30 as untrue.

31. Plaintiff seeks judgement [sic] against the Defendant in whatever amount that Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this action.

**ANSWER**: Defendant denies that Plaintiff is entitled to judgment, damages, costs, and/or expenses of any kind, in any amount, and for any reason.

### CLAIM AGAINST DEFENDANT UNDER THE MCPA AND THE MICHIGAN OCCUPATIONAL CODE

32. Defendant has violated MCLA 444.252(a) with the use of false representations and deceptive means in its contact with Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 32 as untrue.

33. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**ANSWER**: Defendant denies the allegations in Paragraph 33 as untrue.

34. Defendant has violated MCLA 445.252(g) by communicating with a debtor without accurately disclosing the caller's identity.

**ANSWER**: Defendant denies the allegations in Paragraph 34 as untrue.

35. Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

(a) (n) Using a harassing, oppressive or abusive method to collect a debt.

(b) (q) By failing to implement a procedure designed to prevent a violation by an employee.

(c) (g) By communicating with a debtor without accurately disclosing the caller's identity.

**ANSWER**: Defendant denies as untrue the allegations in Paragraph 35, including subparts (a) through (c).

36. As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the MCPA and the Michigan Occupational Code.

**ANSWER**: Defendant denies the allegations in Paragraph 36 as untrue.

37. Under MCLA 445.257 et seq., Plaintiff is eligible for equitable relief, triple damages and his attorney fees and costs, and further statutory damages under the act.

**ANSWER**: Defendant denies the allegations in Paragraph 37 as untrue.

38. As a result of the action of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 38 because Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, leaves Plaintiff to his proofs.

39. Plaintiff seeks judgement [sic] against the Defendant in whatever amount that Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this action.

**ANSWER**: Defendant denies that Plaintiff is entitled to judgment, damages, costs, and/or expenses of any kind, in any amount, and for any reason.

WHEREFORE, Defendant respectfully requests that the Court:

A. Dismiss Plaintiff's Complaint, with prejudice;

B. Enter a Judgment for Defendant and against Plaintiff;

C. Award Defendant a recovery of its reasonable attorneys' fees and costs incurred in defending this action;

D. Grant such other relief to Defendant as the Court may deem appropriate.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael J. Hodge (P25146)
Scott R. Eldridge (P66452)


By: s/ Michael J. Hodge
    Michael J. Hodge (P25146)
Attorneys for Defendant
One Michigan Avenue, Suite 900
Lansing, MI  48933
(517) 487-2070
email: hodge@millercanfield.com
email: eldridge@millercanfield.com

DATED: May 8, 2008

## **DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

NOW COMES Defendant, **GC SERVICES LIMITED PARTNERSHIP**, by and through its counsel, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., and, in further answer to Plaintiff's Complaint, states that it will rely upon the following Affirmative and Other Defenses, if applicable, based on facts to be determined through appropriate discovery:

1. Plaintiff has failed to join in the Complaint every claim arising out of the transaction or occurrence that is the subject matter of this action.

2. Plaintiff has failed to state one or more claims upon which relief can be granted.

3. All or some of Plaintiff's claims are barred by the applicable statutes or other periods of limitation.

4. Plaintiff has failed to identify or plead facts which would entitle him to liquidated damages.

5. Plaintiff is not entitled to recover punitive damages as a matter of fact and/or law.

6. Plaintiff has failed to identify or plead facts which would entitle him to actual damages.

7. Plaintiff's claims are subject to dismissal upon a motion for summary judgment.

8. Plaintiff has failed to mitigate his alleged damages, his entitlement to which is specifically denied.

9. Plaintiff's claims against GC Services are barred in whole or in part because they are subject to mandatory arbitration pursuant to a valid agreement.

10. Plaintiff filed the instant action in the improper venue.

11. Plaintiff is not entitled to a jury trial for any issue(s) related to either liability or alleged damages, whether actual, statutory, or other damages.

Defendant reserves the right to amend its Answer to add additional Affirmative and/or Other Defenses or to delete or withdraw Affirmative and/or Other Defenses as may become

necessary after reasonable opportunity for appropriate discovery.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael J. Hodge (P25146)
Scott R. Eldridge (P66452)

By: s/ Michael J. Hodge
    Michael J. Hodge (P25146)
Attorneys for Defendant
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 487-2070
email: hodge@millercanfield.com
email: eldridge@millercanfield.com

DATED: May 8, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of said filing to: Brian P. Parker.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael J. Hodge (P25146)
Scott R. Eldridge (P66452)

By: s/Michael J. Hodge
    Michael J. Hodge (P25146)
Attorneys for Defendant
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 487-2070
email: hodge@millercanfield.com
email: eldridge@millercanfield.com

DATED: May 8, 2008

LALIB:159217.2\031578-00043
05/08/08